UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNARD J. NOVAK,

       Plaintiff,

v.                                             Case No:   2:15-cv-504-FtM-38MRM

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF VETERANS
AFFAIRS, GARY R. SLEMMENS
and LEE COUNTY VA
HEALTHCARE CENTER,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the United States of America's (Government) Motion to Dismiss (Doc. #12) filed on May 12, 2016. Plaintiff, Bernard J. Novak filed his brief in opposition (Doc. #13) on May 18, 2016. The Motion is fully briefed and ripe for the Court's review.

## BACKGROUND

On May 23, 2013, Novak fell in the parking lot at the VA clinic in Cape Coral, Florida. At the time of his fall, Novak tore his big toe nail, was diagnosed with a stubbed toe, treated at the VA's urgent care unit, and then sent home. Novak states that no one at the VA helped him up after he fell in the parking lot nor did anyone examine his ankle

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

for further damage.  Novak later reported that staff at the VA failed to perform an MRI on his left ankle even though he had a physician's order.  Novak avers that he now needs surgery on the left ankle and has been diagnosed with bone spurs.

On October 2, 2014, Novak filed a claim with the VA regarding his injury.[2]  In his claim Novak sought $435,000 due to the VA's misdiagnosis and lack of follow up care.  Novak's tort claim did not contain a medical expert opinion to support his claim.

On October 28, 2014, Novak amended his tort claim demand requesting $1,000,000 in case he died from the surgery on his ankle.  Again Novak failed to submit an expert medical opinion to support a malpractice claim.  After the VA Regional Counsel denied Plaintiff's administrative claim on March 12, 2015, Plaintiff filed suit in this Court.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels,

---

[2] The United States' Brief states the claim was filed in October 2, 2012, which was before the injury actually occurred in May of 2013.  The date on Novak's Tort Claims Form is dated October 2, 2014.  The date in the brief is merely a typographical error and does not affect the Court's analysis of the Motion to Dismiss.

conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868  (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

The Government avers the case should be dismissed because Novak failed to include a verified written medical expert opinion from a medical expert as required under Fla. Stat. § 766.203(2). Novak argues the Motion should be denied because there is no

VA requirement that he attach an expert medical opinion to his application, there is no state requirement that he attach a expert medical opinion to his VA forms, and if a medical opinion is required, he could correct the error by going out and getting an opinion.

Contrary to Novak's contentions, this Court must apply the law of the jurisdiction where the harm was done when hearing a claim brought under the Federal Tort Claims Act. *Abrisch v. United States*, 359 F. Supp. 2d 1214, 1226 (M.D. Fla. 2004) (citing *Richards v. United States,* 369 U.S. 1, 11, 82 S. Ct. 585, 7 L.Ed.2d 492 (1962) (holding that under the FTCA, the law of the state where the alleged negligent act or omission occurred governs the rights and liabilities of the parties). Here, all the alleged acts or omissions took place in Cape Coral, Florida. Therefore, the Court must apply Florida substantive law in resolving issues of liability and damages.

Florida medical malpractice law explicitly requires a claimant to conduct an investigation to determine if reasonable grounds exist to proceed with a malpractice action and acquire corroboration of such grounds by obtaining a verified medical expert opinion supporting the claim. *Johnson v. McNeil*, 278 Fed. Appx. 866, 871 (11th Cir. 2008). The Florida statute reads in pertinent part:

> (2) If the court finds that the notice of intent to initiate litigation mailed by the claimant does not comply with the reasonable investigation requirements of ss. 766.201-766.212, including a review of the claim and a verified written medical expert opinion by an expert witness as defined in s. 766.202, or that the authorization accompanying the notice of intent required under s. 766.1065 is not completed in good faith by the claimant, the court shall dismiss the claim . . . .

Fla. Stat. § 766.206(2).

The Florida Supreme Court has made clear that these requirements are prerequisites to suit, but not jurisdictional. *Johnson,* 278 Fed. Appx. at 871 (citing *Kukral*

*v. Mekras,* 679 So.2d 278, 283 (Fla.1996)). Therefore, while Florida law mandates the dismissal of a claim that was filed before these prerequisites were met, Fla. Stat. § 766.206(2), the claimant may cure the default and proceed with the suit as long as the pre-suit requirements are fulfilled within the applicable statute of limitations. *Kukral,* 679 So.2d at 283.

In this instance, Novak did not provide the required verified written medical opinion with his Complaint or notification of intent to sue.  Therefore, Novak's failure to comply with Florida law is fatal to his malpractice claim and the Complaint is due to be dismissed. *Id.* (citing Fla Stat. § 766.206(2) holding that Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled). Nevertheless, Novak will be allowed leave to amend and cure the deficiency and comply with Florida's pre-suit requirements.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion to Dismiss (Doc. #12) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice.  Novak has up to and including **July 25, 2016,** to comply with Florida's malpractice pre-suit requirements.  Failure to amend within the Court's deadline may result in the Complaint being dismissed with prejudice without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of June, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record