UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNARD J. NOVAK,

    Plaintiff,

v.                                        Case No: 2:15-cv-504-FtM-38MRM

UNITED STATES OF AMERICA,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on the Government's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Proceed (Doc. 16) dated December 22, 2016. Plaintiff Bernard Novak, appearing *pro se*, filed a Response to the Government's Motion to Dismiss on January 11, 2017 (Doc. 17). This matter is ripe for review.

## BACKGROUND

Approximately four years ago, Novak tripped and fell in the parking lot of the Lee County VA Healthcare Center in Cape Coral, Florida. (Doc. 1 at 2). On October 2, 2014, he filed an administrative claim with the VA, alleging that the VA did not timely treat him and misdiagnosed him with a stubbed toe. (Doc. 1 at 2). The VA denied his claim. (Doc. 1-1).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Thereafter, Novak timely filed this suit. (Doc. 1). The Court dismissed his complaint without prejudice because Novak failed to provide a notification of intent to sue and a verified expert affidavit to the VA before filing this case. (Doc. 14 at 5). Consequently, he filed an Amended Complaint (Doc. 15) and attached a letter by Dr. Christopher S. Yuvienco in support of his claim (Doc. 15 at 5; Doc. 16-1). The Government now moves to dismiss the Amended Complaint because Novak did not provide Dr. Yuvienco's letter to the VA and the letter is not a verified expert opinion. (Doc. 16).

## DISCUSSION

"The Florida Legislature has designed a statutory framework for filing medical malpractice claims." *Edwards v. Sunrise Ophthalmology*, 134 So. 3d 1056, 1058 (Fla. 4th DCA 2013). "Florida law requires that before filing any claim for personal injury . . . arising from medical malpractice, the claimant conduct an investigation of the claim and send the defendant(s) a notice of intent to sue, along with a corroborating opinion by a medical expert." *Johnson v. McNeil*, 278 F. App'x 866, 871 (11th Cir. 2008) (citing Fla. Stat. § 766.203(2)). These statutory requirements are prerequisites – not jurisdictional. *See Kukral v. Mekras*, 679 So. 2d 278, 283 (Fla. 1996). "The failure to file a properly verified medical opinion letter is not fatal to a plaintiff's cause of action as long as the requirement is met before the expiration of the statute of limitations." *Maguire v. Nichols*, 712 So. 2d 784, 785 (Fla. 2d DCA 1998) (citations omitted).

At this time, Dr. Yuvienco's letter does not suffice as a verified expert opinion under Florida law. The reasons include, but are not limited to, the following:

- Dr. Yuvienco's letter does not "affirm, validate, or otherwise substantiate the accuracy and authenticity of [his] opinion." *Royle v. Fla. Hosp.-East Orlando*,

2

679 So. 2d 1209, 1211 ("[I]n order for a document to be verified, it must be signed or executed by a person and that person must state under oath or affirm that the facts set forth in the document are true 'or words to that import or effect.'"); *see also* Fla Stat. § 92.525(4)(c).

- The letter fails to identify Dr. Yuvienco's years of professional experience, whether he is a general practitioner or specialist, and the nature of his medical experience. *See* Fla. Stat. § 766.102(5) ("A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets [specific] critera[.]").

- The letter fails to indicate the VA doctor's negligence and pinpoint a breach of the applicable standard of care. *See* Fla. Stat. § 766.206(2); *see also Rell v. McCulla*, 101 So. 3d 878, 881 (Fla. 2d DCA 2012) (holding that an expert affidavit "must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care[,] and must provide adequate information for the defendants to evaluate the merits of the claim").

In addition to the above deficiencies, Novak failed to provide Dr. Yuvienco's letter to the VA. *See* Fla. Stat. § 766.203(2) (requiring a claimant to provide a verified expert affidavit to each prospective defendant prior to filing a medical malpractice suit). Because Novak has not complied with Florida pre-suit requirements, his Amended Complaint must be dismissed.

Nonetheless, the Court will permit Novak one last opportunity to amend his complaint. The Court directs Novak to file a Second Amended Complaint that incorporates the facts and counts against the Government and attach a verified expert affidavit that complies with Florida law.[2] Failure to amend and cure such deficiencies may result in dismissal of this case.

Accordingly, it is now

**ORDERED:**

---

[2] For information on proceeding *pro se*, the Court directs Novak's attention to the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.

1. The Government's Motion to Dismiss (Doc. 16) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 15) is **dismissed without prejudice**.

2. Plaintiff may file a Second Amended Complaint in accordance with this Order on or before **March 9, 2017**. **Failure to amend within the Court's deadline may result in the Complaint being dismissed with prejudice without further notice.** The Government must respond to any amended complaint within fourteen days after service of that pleading.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of February 2017.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record